## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JERRY METCALF,

          Petitioner,

                                   Case No. 14-12015

v.                                Hon. Terrence G. Berg

DAVID BERGH,

          Respondent.

_____/

## OPINION AND ORDER:
## SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS;
## DENYING CERTIFICATE OF APPEALABILITY;
## DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS;
## DENYING MOTION TO APPOINT COUNSEL; AND
## <u>DENYING MOTION FOR DECLARATORY RULING</u>

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  On July 11, 1996, Michigan prisoner Jerry Metcalf ("Petitioner"), was sentenced to 40-to-60 years in prison for his conviction of second degree murder.  Petitioner alleges that when the trial court imposed his sentence, it relied on facts not found by the jury beyond a reasonable doubt nor admitted by Petitioner.  After preliminary review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to comply with the one-year statute of limitations (Dkt. 5).

Petitioner filed a response to the show cause order (Dkt. 6), essentially arguing that his claim is based on a new rule of constitutional law created in *Alleyne v. United States,* 133 S.Ct. 2151 (2013).  For the reasons stated below, the

petition will be DISMISSED for failure to comply with the statute of limitations, and his pending motions will all be DENIED as moot.

## I.  BACKGROUND

Following his conviction and sentence, Petitioner filed an appeal as of right. The Michigan Court of Appeals affirmed the trial court in an unpublished Opinion. *People v. Metcalf*, No. 198344 (Mich. Ct. App. July 31, 1998).  Petitioner did not appeal this decision to the Michigan Supreme Court.

Almost a decade later, Petitioner sought post-conviction review in the trial court.  The trial court denied Petitioner's motion for relief from judgment on April 4, 2007.  Petitioner sought to appeal, but the Michigan Court of Appeals denied leave. *People v. Metcalf*, No. 277704 (Mich. Ct. App. July 13, 2007).  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but that court also denied leave.  *People v. Metcalf*, 480 Mich. 1134, 745 N.W.2d 784 (2008).

Neither the petition nor Petitioner's response to the show cause order indicate that he pursued any other form of state post-conviction review.

## II.  STANDARD OF REVIEW

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue in his petition that there was an impediment to filing his federal habeas petition created by State action, or that his claim is based on a newly discovered factual predicate. Therefore the potential starting points under §§ 2244(d)(1)(B) and (D) do not apply to his petition. The applicable starting point therefore is either the date on which his conviction became final under § 2244(d)(1)(A), or the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," under § 2244(d)(1)(C).

On direct appeal, the Michigan Court of Appeals denied relief on July 31, 1998, well over a decade before the filing of the instant petition. Furthermore, Petitioner did not seek state post-conviction relief until 2007, long after the one-year limitations period would have expired. Accordingly, if § 2244(d)(1)(A) is used to determine the starting point of the limitations period, the petition was filed long after the period expired. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

The second plausible starting point for the limitations period, as asserted by Petitioner, would be the date the United States Supreme Court decided *Alleyne* in 2013. This argument fails. First, the Supreme Court itself has not expressly declared *Alleyne* to be retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) (explaining that for a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255

4

petition, the Supreme Court itself must make the rule retroactive).  Second, *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity.  *See Id*. at 666 (noting that although multiple cases can, together, make a rule retroactive, their holdings must necessarily dictate retroactivity of the new rule).

Moreover, *Alleyne* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.  As a result, the Sixth Circuit has held that *Alleyne* "does not apply retroactively to cases on collateral review."  *In re Mazzio,* 756 F.3d 487, 491 (6th Cir. 2014).  Therefore, Petitioner's reliance on it for purposes of § 2244(d)(1)(C) is misplaced and that section is inapplicable to Petitioner's application for habeas relief.

The petition is time barred unless Petitioner demonstrates grounds for equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).  Equitable tolling is used "sparingly" by the federal courts.

*Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that they are entitled to it. *Id*.

Petitioner's only argument in this regard is that he is "actually innocent of his sentence." The concept of being actually innocent of a sentence arises only in the death penalty context. *See Sawyer v. Whitley*, 505 U.S. 333 (1992). The concept has no application to noncapital sentences such as Petitioner's. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Gibbs v. United States*, 655 F.3d 473, 477-79 (6th Cir. 2011) ("[Actual innocence of sentence] exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack.").

Therefore, because Petitioner's application for habeas relief was filed after the expiration of the one-year limitations period, and because he has failed to demonstrate grounds for equitable tolling, the petition will be summarily dismissed.

## IV.   CONCLUSION

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. The Court will additionally deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

### V.    ORDER

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel and motion for a declaratory ruling are **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.

Dated: September 9, 2014                         s/Terrence G. Berg
                                                 TERRENCE G. BERG
                                                 UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 9, 2014, using the CM/ECF system; a copy of this Order was also addressed to Petitioner and mailed to 251141 Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.

                                                 s/A. Chubb
                                                 Case Manager